IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-01676-CNS

EIGHTH DISTRICT ELECTRICAL PENSION FUND,
EIGHTH DISTRICT ELECTRICAL PENSION FUND ANNUITY PLAN,
EIGHTH DISTRICT ELECTRICAL BENEFIT FUND,
SUSAN KING, as Chairman of the Delinquency Committee for the Eighth District Electrical Pension Fund, Eighth District Electrical Pension Fund Annuity Plan, and Eighth District Electrical Benefit Fund,
NATIONAL ELECTRICAL BENEFIT FUND,
MONTANA ELECTRICAL JOINT APPRENTICESHIP AND TRAINING TRUSTE FUND,
MONTANA CHAPTER, NECA,
NATIONAL LABOR-MANAGEMENT COOPERATION FUND, and
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 233,

Plaintiffs,

v.

TRADEMARK ELECTRIC, INC.,
TYLER SHAFFER, and
LEON SHAFFER,

Defendants.

---

**ORDER**

---

Before the Court is *pro se* Defendant Leon Shaffer's Motion to Vacate Default Judgment Pursuant to Fed. R. Civ. P. 60(b)(4), 60(b)(3), and 60(b)(1). ECF No. 18. Plaintiffs filed a response. ECF No. 20. Defendant Leon Shaffer (Mr. Shaffer) has not filed

a reply.[1] The Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331. For the following reasons, the Court denies the Motion.

## I. SUMMARY FOR *PRO SE* DEFENDANT

Plaintiffs started this lawsuit on June 14, 2024, alleging that you, as well as Defendants Tyler Shaffer and Trademark Electric, Inc., failed to make contributions to certain fringe benefit plans as required by collective bargaining agreements to which you are a party. ECF No. 1. You failed to respond to the Plaintiff's Complaint in this matter, and as a result, the Court entered a default judgment against you on June 30, 2025. ECF No. 13.

In your most recent motion, you request that the Court set aside that default judgment and allow you to litigate this case on the basis that your failure to respond was due to excusable neglect, that Plaintiffs made misrepresentations to the Court, and that the Court lacked personal jurisdiction over you and the other Defendants. ECF No. 18. You also did not file a reply. For the reasons explained in further detail below, the Court is denying your motion. This Order leaves the entry of default judgment in effect and awards Plaintiffs the reasonable attorney's fees and costs incurred in opposing your motion.

## II. BACKGROUND

Plaintiffs Eighth District Electrical Benefit Fund (Benefit Fund), Eighth District Electrical Pension Fund (Pension Fund), and Eighth District Electrical Pension Fund Annuity Plan (Annuity Plan) (collectively, Eighth District Funds) are employee benefit

[1] *See* ECF No. 21 (observing no reply brief was filed).

plans that maintain their principal places of administration in Denver, Colorado. ECF No. 1 ¶¶ 2-4. Plaintiff Susan King is Chairman of the Delinquency Committee for Eighth District. Plaintiff National Electrical Benefit Fund (NEBF) is an employee benefit plan that maintains its principal place of administration in Rockville, Md. *Id*. ¶ 6. Plaintiff Montana Electrical Joint Apprenticeship and Training Trust Fund (JATC) is an employee benefit plan that maintains its principal place of administration in Denver, Colo. *Id*. ¶ 7. The Eighth District entities, JATC, and NEBF (collectively, Plaintiff Funds) are each also “multiemployer plans.” *Id*. ¶ 8. Plaintiff National Labor-Management Cooperation Fund (NLMCF) is a labor-management cooperation fund created under authority of Section 6(b) of the Labor Management Cooperation Act of 1978, 29 U.S.C. § 175a(a) and Section 302(c)(9) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(9). ECF No. 1 ¶ 10. Plaintiff Montana Chapter, NECA (NECA) is an employer association that maintains its principal office in Helena, Mont., and serves as a collection agent for Plaintiff NLMCF. *Id*. ¶¶ 9-10. Plaintiff International Brotherhood of Electrical Workers Local Union No. 233 (Local 233) is a labor organization that maintains its principal office in Helena, Mont. *Id*. ¶ 11. Defendant Trademark Electric, Inc. (Trademark) is a now administratively dissolved corporation that was incorporated in Montana and had its principal place of business in Butte, Montana. *Id*. ¶ 12. Defendants Tyler Shaffer and Leon Shaffer are citizens and residents of Montana. *Id*. ¶¶ 13-14.

On June 14, 2024, Plaintiffs filed a Complaint, ECF No. 1 (Complaint), in which they asserted a claim for monetary damages to collect delinquent fringe benefit contributions from Defendants that Plaintiffs alleged were due and owing to Plaintiffs

pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and pursuant to collective bargaining agreements (CBAs) between Plaintiff Local 233 and Defendants. ECF No. 8, ¶ 5.

On June 30, 2025, default judgment was entered in favor of Plaintiffs given Defendants' failure to respond to the Complaint or otherwise participate in this lawsuit in any way. ECF No. 13. Plaintiffs then moved for fees, which the Court granted. ECF Nos. 14, 17.

On February 20, 2026, Defendant Leon Shaffer filed the instant Motion seeking relief from the default judgment. ECF No. 18. Mr. Shaffer seeks relief under Federal Rules of Civil Procedure 60(b)(1), 60(b)(3), and 60(b)(4) on the bases that his failure to respond to the Complaint was attributable to excusable neglect, that Plaintiffs made certain misrepresentations and/or engaged in misconduct, and that the Court lacked personal jurisdiction over Defendants. *Id.* at 2-3. In response, Plaintiffs argue that Mr. Shaffer has failed to show his entitlement to relief under Rule 60(b). ECF No. 20 at 3-14.

## III. LEGAL STANDARDS

As Defendant is proceeding pro se, the Court construes his filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but does not serve as Defendant's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

Rule 60(b) "provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Bartch v. Barch*, 111 F.4th 1043, 1053 (10th Cir. 2024) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010)). "[R]elief under Rule 60(b) is extraordinary

and may only be granted in exceptional circumstances." *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir. 1996) (quoting *Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990)). The moving party carries the burden to prove relief is warranted. *Perez v. City and County of Denver*, No. 1:21-cv-01263-RMR-KLM, 2024 WL 2874305, at *1 (D. Colo. May 14, 2024) (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)).

## IV. ANALYSIS

Mr. Shaffer seeks relief from the default judgment entered against him in this matter. In support of that request, he advances three independent grounds under Civil Rule 60(b) that he insists warrant relief. ECF No. 18. The Court considers each of these theories in turn.

### A. Rule 60(b)(1)

Mr. Shaffer's first contention is that Defendants' failure to respond to the Complaint was due to excusable neglect, thus warranting relief from the existing default judgment under Federal Rule of Civil Procedure 60(b)(1). ECF No. 18 at 3-4.

Rule 60(b)(1) provides that a court may grant relief from a final judgment based on a party's "mistake, inadvertence, surprise, or excusable neglect." Generally, "a party seeking to establish excusable neglect must plead and prove it. The opposing party is entitled to present controverting evidence demonstrating the absence of excusable neglect, which evidence may be introduced by way of affidavit, deposition, or testimony." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978) (citing 7 Moore's Federal Practice & Procedure 60.28(3) (2d ed. 1978)).

"The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.' " *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Relevant factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs.*, 507 U.S. at 395. " '[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.' " *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

Consistent with the foregoing, relief under the "excusable neglect" provision of Rule 60(b)(1) "is not appropriate when a party seeks to undo the consequences of its deliberate acts." *Zimmerling v. Affinity Fin. Corp.*, 478 F. App'x 505, 508 (10th Cir. 2012) (citing *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)). For example, in *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, the Tenth Circuit held that a defendant was not entitled to relief for excusable neglect where he made a conscious decision not to answer a complaint personally served on him based on the mistaken belief that he would not face individual liability. 715 F.3d 1442, 1445-47 (10th Cir. 1983).

Here, Mr. Shaffer asserts that his "failure to answer was not willful but due to financial inability to defend a suit in a foreign jurisdiction (Colorado) following the dissolution of the corporate entity" and because he "reasonably believed that a court in a

state where he had no business contacts or contracts would not enter a judgment against him." ECF No. 18 at 3-4.

The Court concludes that Mr. Shaffer's failure to respond to this lawsuit was not due to excusable neglect. As to Mr. Shaffer's claim of indigence, he cites "no case in which a court found excusable neglect based solely on a lack of funds, nor have we found such a case." *Cincinnati Specialty Underwriters Ins. Co. v. Urbano*, 687 F. App'x 778, 781 (10th Cir. 2017); *see United Specialty Ins. Co. v. Conner Roofing & Guttering, LLC*, No. 11-CV-0329-CVE-TLW, 2012 WL 1115766, at *2 (N.D. Okla. Mar. 28, 2012) ("Inability to hire an attorney does not ordinarily constitute excusable neglect under Rule 60(b)(1).").

Mr. Shaffer next argues that he believed that a Colorado court could not enter judgment against him. Mr. Shaffer was personally served with the summons and Complaint in this matter on June 25, 2024. ECF No. 5-1 ¶ 8. Moreover, the Plaintiff Funds' administrator testified that he "sent letters to Defendants attempting to collect the audit delinquency," "sent letters to Defendants attempting to collect the underpayments," and "sent letters attempting to collect the delinquent months for which no contributions were paid." ECF No. 8-2 ¶ 9. Thus, Mr. Shaffer had adequate notice of the basis for his liability in this lawsuit and the lawsuit itself.

Moreover, a pro se litigant "who simply misunderstands the legal consequences of his deliberate acts" cannot obtain relief under Rule 60(b)(1). *Mardanlou v. Gen. Motors Corp.*, 69 F. App'x 950, 951-52 (10th Cir. 2003); *see Cashner v. Freedom Stores, Inc.*, 98 F.3d at 577 ("We concluded that the defendant's decision not to defend was a conscious decision which precluded him from relief under Rule 60(b)(1)."); *cf. Andrews v. Colorado*,

No. 06-cv-01738-WDM-MEH, 2009 WL 3271177, at *2 (D. Colo. Oct. 9, 2009) ("What a party perceives to be inadequate or sub-par preparation does not constitute excusable neglect, even if that party was proceeding pro se."). Further, the fact that Mr. Shaffer was cognizant of the concept of personal jurisdiction suggests that he is not an unsophisticated party. *See Cessna Fin. Corp.*, 715 F.2d at 1446 (finding relief under Rule 60(b)(1) improper for defendant who "appear[ed] articulate and not unsophisticated").

The circumstances of this case are significantly different from those where courts have found excusable neglect on the part of a pro se litigant. *See, e.g.*, *Wallace v. McManus*, 776 F.2d 915, 917 (10th Cir. 1985) (concluding excusable neglect under Rule 60(b) existed when a pro se prisoner let an appeal deadline lapse after notice of the entry of judgment was sent to her former attorney rather than to her); *Kinnear Corp. v. Crawford Door Sales Co.*, 49 F.R.D. 3, 8 (D.S.C. 1970) (determining lay defendant's error of law, consisting of writing pro se to plaintiff's attorney in response to complaint, but not filing, constituted excusable neglect or mistake under Rule 60(b)). Here, Mr. Shaffer made no attempt to respond to a Complaint with which he was personally served. Further, given that eight months passed between the entry of final judgment in this matter and Mr. Shaffer's Rule 60(b) motion, the Court agrees with Plaintiffs that granting the Motion under Rule 60(b)(1) would significantly delay the resolution of this case, and it would significantly prejudice Plaintiffs. *See, e.g.,* ECF No. 20 at 11. Finally, it was within the reasonable control of Defendants to respond to the Complaint.

Accordingly, the Court concludes that Mr. Shaffer is not entitled to relief under Rule 60(b)(1).

**B. Rule 60(b)(3)**

Mr. Shaffer also argues that the default judgment should be set aside pursuant to Federal Rule of Civil Procedure 60(b)(3) because Plaintiffs made several misrepresentations in their filings in this matter. ECF No. 18 at 3.

Civil Rule 60(b)(3) allows a court to relieve a party from a final judgment based on "fraud . . ., misrepresentation, or other misconduct of an adverse party." Regardless of the particular provision a party asserts under this rule, "the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Zurich v. N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005). "In other words, '[the party] must show clear and convincing proof of fraud, misrepresentation, or misconduct.'" *Id.* (quoting *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004)). Further, "the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (emphasis in original).

Mr. Shaffer alleges the following misrepresentations by Plaintiffs:

- Plaintiffs alleged that the Montana Electrical Joint Apprenticeship and Training Trust Fund maintains its principal place of administration in Denver, Colo., when "the Montana JATC is a Montana-based entity in Helena, Mont."

- Plaintiffs "created the illusion of deep ties to this forum by listing various sub-trusts (Pension, Annuity, Health & Welfare) as distinct Colorado operating entities" when "these are merely administrative trusts managed by a single third-party administrator, BeneSys."

- Plaintiffs "engaged in misconduct by intentionally withholding the native audit spreadsheet file from Defendants," which "deliberately obscured the

> formulas and math used to calculate" Defendant's unpaid contributions and "prevent[ed] Defendants from verifying the claims."

ECF No. 18 ¶¶ 11-13. Assuming for the sake of argument that Plaintiffs did in fact make such misrepresentations or omissions, Mr. Shaffer fails to show that any such misrepresentation interfered with his "ability to fully and fairly prepare for and proceed to trial" given that he never answered the Complaint. Indeed, Mr. Shaffer could have challenged all of these assertions had he responded to Plaintiffs' Complaint, but as noted previously, he chose not to.

Given Mr. Shaffer's "opportunities to cure any prejudice flowing from" Plaintiff's purported misrepresentations, the Court cannot say that those misrepresentations substantially interfered with Mr. Shaffer's ability to proceed at trial. *See Woodworker's Supply*, 170 F.3d at 993 (finding no substantial prejudice where defendant who sought relief from judgment on the basis that the plaintiff had not disclosed its damages theory as required by Rule 37(c)(1) never challenged plaintiff's damages calculations). By the same token, Mr. Shaffer's defense, which is based on Plaintiffs' purported withholding of the native audit spreadsheet, is not meritorious. Had Defendants chosen to participate in this lawsuit, they could have sought the spreadsheet during discovery.

Accordingly, the Court finds that Mr. Shaffer is not entitled to relief from judgment under Rule 60(b)(3).

### C. Rule 60(b)(4)

Finally, Mr. Shaffer moves to set aside the default judgment on the basis that the Court lacked personal jurisdiction over the Defendants. ECF No. 18 at 2-3. Specifically,

he argues that Plaintiffs failed to establish Defendants' "minimum contacts" with the state of Colorado. *Id.*

Rule 60(b)(4) requires a court to grant relief if "the judgment is void." Fed. R. Civ. P. 60(b)(4); *see West v. Champion*, 363 F. App'x at 663 (citing *V.T.A., Inc. v. AIRCO Inc.*, 597 F.2d 220, 224 n.8 (10th Cir. 1979) ("If voidness is found, relief is not a discretionary matter; it is mandatory.")). A judgment is void "only in the rare instance where [the] judgment is premised on either a total want of jurisdiction or a violation of due process that deprives a party of notice or the opportunity to be heard." *Bartch*, 111 F.4th at 1053 (citing *Espinosa*, 559 U.S. at 271) (citation modified).

ERISA provides that a civil enforcement action under that statute "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). "There is no question that the last clause of § 1132(e)(2) authorizes nationwide service of process." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000). "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction," provided that due process is satisfied. *Id.* (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)).

"The analysis of whether the exercise of personal jurisdiction comports with due process is two-fold." *Eighth Dist. Elec. Pension Fund v. Teter Indus., Inc.*, No. 22-cv-02521-CNS, 2023 WL 3819339, at *3 (D. Colo. June 5, 2023) (citing *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008)). First, the court looks to

"whether the nonresident defendant has 'minimum contacts' with the forum state such 'that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296 (1980)). Second, "[courts] must . . . consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *OMI Holdings, Inc. v. Royal Ins. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 109 (1987)).

Here, the Magistrate Judge found that Defendants satisfied the minimum contacts test because Defendants "entered into CBAs with Colorado residents governing 'the terms and conditions of employment' of Colorado employees" and "operated as the employers of these Colorado residents in Defendant Trademark's name," and because "[t]he CBAs with Colorado labor unions are the source of this dispute." ECF No. 11 at 10-11. Noting that "[t]he typical purposeful direction analysis looks to the out-of-state defendant's 'continuing relationships and obligations with citizens of [the forum state],' " *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 905 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985)), the Magistrate Judge found that Defendants' continuing relationships with Colorado-based entities established minimum contacts, ECF No. 11 at 10-11.

Mr. Shaffer now challenges this conclusion. Specifically, he argues that Defendant Trademark did not employ any Colorado residents or contract with Colorado labor unions. ECF No. 18 at 2. Rather, he asserts that Trademark "is a Montana Corporation that operated exclusively in Montana, employed only Montana residents, and contracted

solely with the Montana-based IBEW Local 233." *Id.* Further, he argues that "[r]emitting benefit payments to an out-of-state, third-party processing center at the direction of a local Montana union does not constitute 'purposeful availment' of Colorado laws." *Id.* at 2-3.

The Court agrees with Mr. Shaffer that, based on the record, there was no evidentiary basis for the assertion that Trademark employed Colorado residents. Nor was there any basis to assert that Defendants entered into CBAs with Colorado-based labor unions.[2] Nonetheless, the Court concludes that an adequate basis for asserting in personam jurisdiction over Defendants exists. This conclusion is based on several facts:

- Defendants "employed individuals that performed work covered by CBAs with Local 233 and International Brotherhood of Electrical Workers Union No. 44." ECF No. 8-2 ¶ 5.

- Defendant Trademark was "a signatory" to those CBAs, and thus manifested its acceptance of their terms, "by virtue of a letter of assent." *Id.*

- As a signatory contractor, Defendants were obligated to make contributions to the Plaintiff Funds. *Id.* ¶ 6.

- Pension Fund, Annuity Plan, Benefit Fund, and JATC are principally administered in Colorado. ECF No. 1 ¶¶ 2-4, 7.

- Defendants filed reports with the Plaintiff Funds' administrator for the months of April 1, 2017 through December 31, 2020, in which they underreported contributions, and they filed another report for the month of February 2024 reporting contributions that were never paid. ECF No. 8-2 ¶ 8.

Courts in this District have found nearly identical contacts sufficient for establishing personal jurisdiction. *See Eighth Dist. Elec. Pension Fund v. Power Founds., LLC*, No. 19-cv-00972-CMA-NRN, 2019 WL 5784943, at *5 (D. Colo. Nov. 6, 2019) (finding

[2] The only union-Plaintiff, Local 233, is a resident of Montana. ECF No. 1 ¶ 11.

personal jurisdiction over defendant who was a party to CBAs that required contributions to Colorado-based funds and who sent reports to those funds); *Teter Indus.*, 2023 WL 3819339, at *4 (finding personal jurisdiction based on defendant's status as a party to CBAs requiring payment to Colorado funds); *cf. Goodwin v. Nat. Elec. Annuity Plan*, 2022 WL 4451925, at *3 (D. Colo. Apr. 26, 2022) (finding personal jurisdiction over defendant who executed a Colorado Power of Attorney form and took action which harmed a Colorado resident).

The Court agrees with the above decisions and finds that Plaintiffs adequately established Defendants' minimum contacts with the state of Colorado. Because Mr. Shaffer does not raise any other basis for challenging the Court's personal jurisdiction over Defendants, the Court declines to find that the default judgment was void for lack of personal jurisdiction such that relief is warranted under Rule 60(b)(4). *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (noting movant carries burden of establishing that relief is warranted under Rule 60(b)). Further, because Mr. Shaffer has not pointed this Court toward any basis for granting him relief from the existing default judgment, the Court denies the Motion.

### D. Attorney's Fees

In their response to Mr. Shaffer's motion, Plaintiffs request that the Court award the reasonable attorney's fees and costs incurred in responding to his motion. ECF No. 20 at 14 (citing 29 U.S.C. § 1132(g)(2)). Mr. Shaffer did not oppose the request. *See* ECF

No. 21. Thus, the Court concludes that Plaintiffs are entitled to reasonable attorney's fees and costs.[3]

## V. CONCLUSION

Consistent with the above analysis, Defendant Leon Shaffer's Motion to Vacate Default Judgment Pursuant to Fed. R. Civ. P. 60(b)(4), 60(b)(3), and 60(b)(1), ECF No. 18, is DENIED. Further, Plaintiffs request for attorney's fees with supporting documentation is due within 14 days of the date of this order. Defendant Schaffer shall have 14 days after the Plaintiff's filing to respond to Plaintiffs' request.

DATED this 30th day of September 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

[3] Notably, Mr. Shafer has filed his motion only as to himself, not the remaining Defendants. *See* ECF No. 18 at 4 ("requesting that the Court "vacate the Default Judgment entered *against him*" (citation modified and emphasis added)). Accordingly, Mr. Shaffer is the only Defendant against whom such an award may be sought.